UNITED STATES of America,
Plaintiff–Appellee,

v.

Salvador ANDRADE–GONZALEZ,
Defendant–Appellant.

No. 05–41262
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 21, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Salvador Andrade–Gonzalez (Andrade) appeals his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by attempting to re-enter the United States without permission after deportation.

Andrade argues, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the 41–month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than ele-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ments of the offense that must be found by a jury.

Andrade's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Andrade properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Andrade also argues that his sentence runs afoul of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because he was sentenced pursuant to a pre-*Booker* mandatory application of the Sentencing Guidelines. The district court committed *Fanfan* error by sentencing Andrade pursuant to a mandatory guidelines system. *See United States v. Walters,* 418 F.3d 461, 463–64 (5th Cir. 2005). As the Government concedes, Andrade's objection under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), at sentencing preserved his claim for appeal. *See United States v. Rodriguez–Mesa,* 443 F.3d 397, 404 (5th Cir.2006). Thus, review is for harmless error beyond a reasonable doubt. *Id.*

The Government fails to carry its burden of showing beyond a reasonable doubt that the error did not affect Andrade's sentence. *See United States v. Sibley,* 448 F.3d 754, 760 (5th Cir.2006). There is no indication in the record that the district court would have imposed the same sentence had the Guidelines been advisory rather than mandatory. *See id.* We therefore vacate Andrade's sentence and remand the case for resentencing in accordance with *Booker.*

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.